### JAP JOHNSON v. STATE.

No. A-3707.    Opinion Filed March 25, 1922.
(205 Pac. 203.)

(Syllabus.)

**Larceny—Larceny of Stock—Sufficiency of Evidence.** In a prosecution for larceny of live stock, evidence considered, and held sufficient to support the verdict and judgment, and that no reversible error was committed on the trial.

Appeal from District Court, McCurtain County; A. A. McDonald, Judge.

Jap Johnson was convicted of the theft of a cow, and he appeals. Affirmed.

H. P. Hosey, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Jap Johnson, was tried and convicted on an information charging the theft of a cow, the personal property of Mac Bailey, and his punishment fixed at imprisonment in the penitentiary for the term of five years. He has appealed from the judgment rendered on the verdict on the sole ground that the evidence is insufficient to sustain the verdict and judgment of conviction.

The following facts appear from the record:

Mac Bailey was the owner of a small red cow, branded a big double "M" on the left side, with over jet on the left and

under jet on the right ear. The owner missed his cow in May of the year 1918, and did not find her until a few days before Christmas, at which time he found her in possession of Sam Cobb.

Sam Cobb's testimony shows that he bought this cow from the defendant, Johnson, in the fall of 1918, paying him $75 for her; that when Bailey claimed the cow he went to the defendant, and the defendant returned the $75, saying that he had traded with another fellow for the cow.

Another witness for the state testified:

"I know this cow. She is 4 years old. I was driving along near Shawneetown and saw her. The next day I went to Mac Bailey's and told him that I saw his cow, and we went back the next morning and found the cow there."

As a witness in his own behalf the defendant testified:

"I live about three miles from Mac Bailey's, I saw this cow the first time along about February; in May a fellow by the name of Brooks swapped this cow for a yearling, and I gave him $50 difference; she had a calf in July, and I sold the cow to Sam Cobb; in about three months he told me another man claimed the cow, so I gave him back his money; I went the next day to look for Brooks, but I could not find him. I was convicted in this county on a charge of murder and served 3 years and 20 days."

Ed Johnson, the defendant's brother, testified that he was present when the defendant traded his yearling for the cow, and the fellow said his name was Jim Brooks. It appears that all the parties concerned are negroes.

It is obvious that the case was one for the consideration of the jury. The credibility of the testimony of the defendant and witnesses testifying in his behalf is the exclusive province for the jury to determine, and, although such testimony may be uncontradicted and not directly impeached, when there are

facts and circumstances in evidence tending to lessen the probability that such testimony is true, the jury may give it such weight as they deem proper, even to the extent of wholly disregarding the same. In our opinion the testimony for the state is sufficient to sustain the verdict. The judgment appealed from is therefore affirmed.

MATSON and BESSEY, JJ., concur.